# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SARVINT TECHNOLOGIES, INC.

    Plaintiff,

vs.

VICTORIA'S SECRET STORES, LLC

    Defendant.

Civil Action No. 1:15-cv-74-TCB

## VICTORIA'S SECRET STORES, LLC'S ANSWER AND COUNTERCLAIMS TO THE COMPLAINT OF SARVINT TECHNOLOGIES, INC.

Victoria's Secret Stores, LLC ("Victoria's Secret"), by and through its attorneys, hereby submits its Answer and Counterclaims to Plaintiff Sarvint Technologies, Inc.'s ("Sarvint") Complaint ("the Complaint"). Victoria's Secret responds to the Complaint, and counterclaims as follows:

### INTRODUCTION

1.     Victoria's Secret admits that Sarvint purports to bring an action for alleged patent infringement of United States Patent Nos. 6,381,482 ("the '482 patent") and 6,970,731 ("the '731 patent") arising under Title 35 of the

United States Code. Victoria's Secret denies the remaining allegations of paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore denies those allegations.

3. Admitted.

4. Admitted.

5. Admitted.

6. Victoria's Secret admits that it has done business in this district and that venue is proper. Victoria's Secret denies the remaining allegations in paragraph 6 of the Complaint.

7. Victoria's Secret admits that it does business in this state and judicial district. Victoria's Secret denies the remaining allegations in paragraph 7 of the Complaint.

**THE ALLEGED INVENTION**

8. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies those allegations.

9. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies those allegations.

10. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies those allegations.

11. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies those allegations.

12. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies those allegations.

13. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies those allegations.

14. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies those allegations.

15. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies those allegations.

16. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies those allegations.

17. Victoria's Secret admits that what appears to be a copy of the '482 Patent is attached to the Complaint as Exhibit A. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, and therefore denies those allegations.

18. Victoria's Secret admits that what appears to be a copy of the '731 Patent is attached to the Complaint as Exhibit B. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint, and therefore denies those allegations.

19. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies those allegations.

## COUNT I
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,381,482)

20. Victoria's Secret repeats and incorporates its statements made in paragraphs 1 through 19 of this Answer to the Complaint as if fully set forth herein.

21. Victoria's Secret admits that the '482 Patent issued from the United States Patent and Trademark Office on April 30, 2002. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint, and therefore denies those allegations.

22. Denied.

### ALLEGED DIRECT INFRINGEMENT OF '482 PATENT

23. Denied.
24. Denied.
25. Denied.
26. Denied.
27. Denied.
28. Denied.

# COUNT II
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,970,731)

29. Victoria's Secret repeats and incorporates its statements made in paragraphs 1 through 28 of this Answer to the Complaint as if fully set forth herein.

30. Victoria's Secret admits that the '731 Patent issued from the United States Patent and Trademark Office on November 29, 2005. Victoria's Secret is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint, and therefore denies those allegations.

31. Denied.

### ALLEGED DIRECT INFRINGEMENT OF '731 PATENT

32. Denied.

### ALLEGED INDIRECT INFRINGEMENT
### (INDUCEMENT – 35 U.S.C. § 271(b))

33. Denied.

34. Denied.

35. Denied.

### ALLEGED INDIRECT INFRINGEMENT
### (CONTRIBUTORY – 35 U.S.C. § 271(c))

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**PRAYER FOR RELIEF**

Victoria's Secret denies that Sarvint is entitled to any of the relief requested or otherwise sought in paragraphs (a)–(j) on pages 15–16 of the Complaint.

Victoria's Secret denies all allegations in the Complaint not specifically admitted or responded to herein.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise have, Victoria's Secret asserts the following affirmative or other defenses in response to the allegations in the Complaint. Sarvint's burden of proof is established by applicable law and is not changed by Victoria's Secret's defenses. Victoria's Secret reserves the right to assert any separate and additional defenses that may be supported by information or facts obtained through discovery or other means during this case and expressly reserves the

right to amend its Answer and Counterclaims to assert such separate and additional defenses and counterclaims in the future.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Sarvint's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

Victoria's Secret does and has not infringed any valid claim of the '482 Patent or '731 Patent literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
### (INVALIDITY UNDER 35 U.S.C. § 102)

All of the claims of the Patents-in-Suit are invalid under 35 U.S.C. § 102 because the claimed invention was disclosed either expressly or inherently in the prior art.

### FOURTH AFFIRMATIVE DEFENSE
### (INVALIDITY UNDER 35 U.S.C. § 103)

All of the claims of the Patents-in-Suit are invalid under 35 U.S.C. § 103 because the differences between the subject matter of the patent and the prior art are such that each claim of the Patents-in-Suit would have been

obvious to a person having ordinary skill in the art before the alleged date of invention of the claims.

## FIFTH AFFIRMATIVE DEFENSE
## (INVALIDITY UNDER 35 U.S.C. § 112)

All of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. § 112 because they are indefinite, not enabled, and/or lack sufficient written description.

## SIXTH AFFIRMATIVE DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

Upon information or belief, Sarvint's claims of infringement with respect to the Patents-in-Suit are barred in whole or in part by the doctrine of prosecution history estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
## (FAILURE TO MARK)

Sarvint's claims for damages arising from the alleged infringement of the Patents-in-Suit are limited under 35 U.S.C. § 287 because Sarvint failed to properly mark the Patents-in-Suit on articles made in the United States.

## EIGHTH AFFIRMATIVE DEFENSE
## (NO WILLFULNESS)

Victoria's Secret has not willfully infringed the Patents-in-Suit.

## NINTH AFFIRMATIVE DEFENSE
## (ESTOPPEL, IMPLIED LICENSE, LACHES AND/OR WAIVER)

Sarvint's attempted enforcement of the Patents-in-Suit is barred, in whole or in part, by the doctrines of estoppel, implied license, laches and/or waiver.

## TENTH AFFIRMATIVE DEFENSE
## (NO INJUNCTIVE RELIEF)

Sarvint is not entitled to injunctive relief because any alleged injury to Sarvint is not immediate or irreparable; Sarvint has an adequate remedy at law; considering the balance of hardships between Sarvint and Victoria's Secret, a remedy in equity is not warranted; and the public interest would be disserved by injunctive relief.

WHEREFORE, Victoria's Secret asks that this Court dismiss with prejudice Sarvint's action against Victoria's Secret and enter judgment that Sarvint take nothing on its claims against Victoria's Secret and award Victoria's Secret its attorneys' fees and costs of defending this action and such other and further relief as it may be entitled.

# COUNTERCLAIMS

Victoria's Secret Stores, LLC ("Victoria's Secret") asserts the following counterclaims against Sarvint Technologies, Inc. ("Sarvint"):

## NATURE OF THE ACTION

1. This is an action for a judgment declaring United States Patent Nos. 6,381,482 ("the '482 patent") and 6,970,731 ("the '731 patent") (collectively, "the Patents-in-Suit") invalid and not infringed.

## THE PARTIES

2. Victoria's Secret is a Delaware corporation with its principal place of business at 4 Limited Parkway East, Reynoldsburg, OH 43068.

3. According to the Complaint, Sarvint is a Delaware corporation and has its principal place of business in Atlanta.

## JURISDICTION AND VENUE

4. Victoria's Secret's counterclaims arise under the United States patent laws, 35 U.S.C. §§ 101 et seq., and seek declaratory relief for which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

5. An actual justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement, validity, and

enforceability of the Patents-in-Suit. This controversy has sufficient immediacy and reality to warrant the issuance of declaratory judgment.

6. The Court has personal jurisdiction over Sarvint by virtue of its filing of this action.

7. Venue for Victoria's Secret's Counterclaims is appropriate in this District because, by filing its claims for alleged patent infringement in this Court, Sarvint has consented to venue in this District.

**FIRST COUNTERCLAIM**
**DECLARATION OF NON-INFRINGEMENT**

8. Victoria's Secret re-alleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of its Counterclaims.

9. In its Complaint, Sarvint alleges that Victoria's Secret infringes the Patents-in-Suit.

10. Because Sarvint has filed a patent infringement lawsuit against Victoria's Secret, an actual and justiciable controversy exists between Victoria's Secret and Sarvint with respect to whether Victoria's Secret has infringed any valid and enforceable claim of the Patents-in-Suit. Absent a declaration of non-infringement, Sarvint will continue to wrongfully assert the Patents-in-Suit against Victoria's Secret, and thereby cause Victoria's

Secret irreparable injury and damage. This controversy has sufficient immediacy and reality to warrant the issuance of declaratory judgment.

11. Victoria's Secret does not infringe any valid claims of the Patents-in-Suit, either literally or under the doctrine of equivalents, and Victoria's Secret has not induced or contributed to any infringement of the Patents-in-Suit; and, Victoria's Secret is entitled to a declaration to that effect.

## SECOND COUNTERCLAIM
## DECLARATION OF INVALIDITY

12. Victoria's Secret re-alleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of its Counterclaims.

13. In its Complaint, Sarvint alleges that Victoria's Secret infringes the Patents-in-Suit.

14. Because Sarvint has filed a patent infringement lawsuit against Victoria's Secret, an actual and justiciable controversy exists between Victoria's Secret and Sarvint with respect to the validity of the Patents-in-Suit. Absent a declaration of invalidity, Sarvint will continue to wrongfully assert the Patents-in-Suit against Victoria's Secret, and thereby cause Victoria's Secret irreparable injury and damage. This controversy has

sufficient immediacy and reality to warrant the issuance of declaratory judgment.

15. All of the claims of the Patents-in-Suit are invalid under 35 U.S.C. § 102 because the claimed invention was disclosed either expressly or inherently in the prior art.

16. All of the claims of the Patents-in-Suit are invalid under 35 U.S.C. § 103 because the differences between the subject matter of the patent and the prior art are such that each claim of the Patents-in-Suit would have been obvious to a person having ordinary skill in the art before the alleged date of invention of the claims.

17. All of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. § 112 because they are indefinite, not enabled, and/or lack sufficient written description.

**PRAYER FOR RELIEF**

WHEREFORE, Victoria's Secret prays that the Court enter a judgment:

A. dismissing Sarvint's Complaint with prejudice;

B. declaring the Patents-in-Suit invalid;

C. declaring that Victoria's Secret has not infringed and is not infringing the Patents-in-Suit directly or indirectly, either literally or by the doctrine of equivalents;

D. declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Victoria's Secret its attorneys' fees and expenses in this action;

E. awarding Victoria's Secret its costs in this action;

F. enjoining Sarvint from litigating any action in any other court against Victoria's Secret or its customers for infringement of the the Patents-in-Suit; and

G. granting such other and further relief to Victoria's Secret that this Court deems just and proper.

Victoria's Secret reserves the right to amend its Answer and Counterclaims to raise additional defenses and counterclaims, if warranted by subsequent investigation. By providing this Answer and Counterclaims, Victoria's Secret does not waive or relinquish any present or potential defense or counterclaim.

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Victoria's Secret requests a trial by jury.

Dated: March 9, 2015

Respectfully submitted by:

/s/ Richard W. Miller

Richard W. Miller
  (Ga. Bar. No. 065257)
Ballard Spahr LLP
999 Peachtree St. NE, Suite 1000
Atlanta, GA 30309
Phone: 678.420.9300
Fax: 678.420.9301
millerrw@ballardspahr.com

Of Counsel:

Lynn E. Rzonca (*pro hac vice to be submitted*)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Phone: 215.665.8500
Fax: 215.864.8999
rzoncal@ballardspahr.com

*Attorneys for Defendant Victoria's Secret Stores, LLC*

## CERTIFICATE OF SERVICE

I, Richard W. Miller, hereby certify that on this day I caused to be served true and correct copies of the foregoing VICTORIA'S SECRET STORES, LLC's ANSWER AND COUNTERCLAIMS TO THE COMPLAINT OF SARVINT TECHNOLOGIES, INC. upon all parties appearing in this case by ECF notification, and such document is available for viewing and downloading via the ECF system.


Dated: March 9, 2015

                                         */s/ Richard W. Miller*
                                         Richard W. Miller